1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    SHARON HENLEY,                              No. C-10-1366 MMC

12                 Plaintiff,                     **ORDER GRANTING DEFENDANTS'
                                                  MOTION TO STAY PROCEEDINGS;**
13        v.                                      **VACATING MAY 21, 2010 HEARING ON
                                                  MOTION TO STAY; VACATING MAY 28,**
14    BAYER CORPORATION, et al.,                  **2010 HEARING ON MOTION TO
                                                  REMAND**
15                 Defendants.

16    _____/

17

18        Before the Court is the motion of defendants Bayer Corporation, Bayer Healthcare

19    LLC, and Bayer Healthcare Pharmaceuticals Inc. (collectively, "Bayer") to "Stay

20    Proceedings Pending Transfer by the Judicial Panel On Multidistrict Litigation to MDL No.

21    2100," filed April 15, 2010.  Plaintiff Sharon Henley has filed opposition, to which Bayer has

22    replied.  Having read and considered the papers filed in support and in opposition to the

23    motion, the Court finds the matter suitable for decision on the parties' respective written

24    submissions, VACATES the hearing scheduled for May 21, 2010, and rules as follows.

25        In the instant complaint, plaintiff alleges she has incurred injuries following her

26    "ingestion of the pharmaceutical drug Yaz and/or Yasmin."  (See Compl. ¶ 55.)  A number

27    of complaints raising similar claims are pending in a coordinated proceeding before the

28    Southern District of Illinois titled In re: Yasmin and Yaz (Drospirenone) Marketing, Sales

**United States District Court**
For the Northern District of California

1   Practices and Products Liability Litigation, MDL No. 2100.  (See Defs.' Mot. Ex. A.)  On

2   April 21, 2010, the Judicial Panel on Multidistrict Litigation ("JPML") conditionally

3   transferred the instant action to the Southern District of Illinois for inclusion in MDL No.

4   2100.  (See Supp. Schwartz Decl. Ex. A.)  Bayer argues the Court should stay all

5   proceedings pending the JPML's ultimate determination as to whether the instant action will

6   be transferred.

7          District courts have identified the following factors to be considered when

8   determining whether to stay an action pending a decision by the JPML with respect to

9   transfer of an action:  "(1) potential prejudice to the non-moving party; (2) hardship and

10   inequity to the moving party if the action is not stayed; and (3) the judicial resources that

11   would be saved by avoiding duplicative litigation if the cases are in fact consolidated."  See

12   Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

13          Before addressing the above factors, the Court notes at the outset that, other than

14   the instant motion to stay, the only matter pending before the Court is plaintiff's motion to

15   remand.  Accordingly, the issue before the Court is, in effect, whether this Court should

16   consider the merits of plaintiff's motion to remand, which motion is fully briefed and is

17   presently set for hearing on May 28, 2010, or, instead, stay the instant action with the

18   understanding that transferee court will consider the motion to remand.

19          With respect to the first of the above-listed factors, plaintiff argues that she will be

20   prejudiced if her motion to remand is not heard before this Court because she will need to

21   rebrief the motion in the Southern District of Illinois and, if the Southern District were to wait

22   to issue a ruling and ultimately remand the matter, she will "miss out on the rapidly

23   proceeding JCCP in California."[1]  (See Pl.'s Opp. at 7:2-6.)  Plaintiff fails to show, however,

24   why she would need to rebrief her motion to remand under such circumstances, as

25   opposed to simply renoticing the motion for hearing pursuant to the Civil Local Rules of the

26   _____

27          [1]Judicial Council Coordination Proceeding No. 4608, titled Yaz, Yasmin and Ocella
    Contraceptive Cases, is pending in the Superior Court of California, in and for the County of
28   Los Angeles.  (See Pl.'s Opp. Ex. C.)  Plaintiff asserts that if the instant case is remanded
    to state court, it will be transferred to such coordinated proceeding.

transferee district.  Similarly, assuming the transferee court were to grant the motion to remand at some later date, plaintiff fails to show she would be deprived of the opportunity to fully participate in the coordinated proceeding pending in California state court. Consequently, plaintiff has failed to show she will suffer any cognizable prejudice if a stay is imposed.

As to the second factor, Bayer, for its part, has not identified any specific hardship or inequity to which it may be subjected in the event this Court, as opposed to the Southern District of Illinois, considers the merits of plaintiffs' motion to remand.  As noted, the motion to remand is fully briefed, and simply awaits determination by a court.  Consequently, there is no showing of prejudice to Bayer if a stay is not imposed.

Finally, the Court turns to the question of whether judicial resources would be conserved if the matter is stayed.  The issue presented by plaintiff's motion to remand is whether McKesson Corporation has been fraudulently joined as a defendant to the instant action.  As both parties acknowledge, the issue of whether McKesson Corporation is a proper defendant in cases alleging injuries based on the ingestion of Yaz or Yasmin has been presented in a number of motions to remand.  The transferee court has issued at least one order addressing the merits of a motion to remand where the plaintiff argued that the joinder of McKesson Corporation as a defendant was not fraudulent (see Defs.' Notice of Recent Decision, filed May 14, 2010); as a result, that court is already familiar with the very issues presented by plaintiff's motion.[2]  Under such circumstances, a stay of the instant matter will serve the interests of judicial economy as well as consistency.  Indeed, in recognition of such factor, a number of district court judges have issued stays of proceedings under circumstances similar to those presented herein.  (See Schwartz Decl. Exs. C, F, G, K, L, R, S.)

//

---

[2]Plaintiff fails to point to any issue in her motion to remand that is specific to the instant action, i.e., an issue that is unlikely to be presented in any other complaint pending before the transferee judge.

1    In sum, because plaintiff has failed to identify with any degree of particularity the
2    prejudice she is likely to incur if this case is stayed pending the JPML's decision on the
3    issue of transfer, and because a stay will both conserve judicial resources and promote
4    consistency in the determination of common issues, the Court finds a stay of the
5    proceedings herein is appropriate.
6    Accordingly, Bayer's motion for a stay is hereby GRANTED.
7    In light of such ruling, the May 28, 2010 hearing on plaintiff's motion to remand is
8    hereby VACATED.
9    **IT IS SO ORDERED.**
10
11   Dated:  May 17, 2010
12                                                    MAXINE M. CHESNEY
                                                       United States District Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4